UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ARCH SPECIALTY INSURANCE
COMPANY,

                Plaintiff,                       **REPORT AND RECOMMENDATION**
                                                                      24 CV 3520 (NCM)(LB)

     -against-

KELTIC KROSS, INC.,

                Defendant.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Arch Specialty Insurance Company brings this diversity action against defendant Keltic Kross, Inc. for breach of contract, unjust enrichment, and account stated. Plaintiff seeks to recover damages for unpaid insurance premiums pursuant to its Commercial General Liability Policy issued to defendant for August 15, 2020 to August 15, 2021. Despite service of the summons and complaint, defendant has failed to plead or otherwise defend this action. The Clerk of Court noted entry of defendant's default and plaintiff now moves for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). The Honorable Natasha C. Merle referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, I respectfully recommend that plaintiff's motion for a default judgment should be granted in part and denied in part. Plaintiff should be awarded $157,178.00 in compensatory damages, plus pre- and post-judgment interest and costs. Plaintiff's motion for a default judgment on its account stated and unjust enrichment claims should be denied and plaintiff's request for taxes and fees should also be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an insurance company incorporated in the state of Missouri, with a principal place of business in Jersey City, New Jersey. ECF No. 1, ¶ 1.[1] Defendant is a corporation incorporated in the state of New York with a principal place of business in Flushing, New York. Id., ¶ 2.[2] Plaintiff issued an insurance policy to defendant for August 15, 2020 to August 15, 2021. ECF No. 1, ¶ 6. The policy provides defendant with $1,000,000 of insurance coverage in exchange for defendant's payment of premiums to plaintiff. Id., ¶ 7. Under the policy, the initial premiums are based on estimated exposure during the effective dates of coverage. Id., ¶ 9. "Because the initial premiums are based on estimated information, the policy is subject to audit for the actual exposure during the effective dates of coverage." Id., ¶ 10. The audit can result in additional premiums owed to the insurer, or a return of premiums owed to the insured. Id.; ECF No. 10-8, at 45.

In this case, the audit of the policy resulted in an additional premium in the amount of $157,178.00 that defendant owed to plaintiff.[3] ECF No. 10-7, ¶ 11. Even though plaintiff billed and issued demands for payment for the outstanding amount, defendant failed to remit the additional premium payment due. Id., ¶¶ 12–13. In addition, plaintiff demanded payment of the New York State Surplus Lines Tax and New York State Stamping Fee, amounting to $5,925.61 for the additional premium which defendant failed to pay. Id., ¶¶ 14–16.

Plaintiff commenced this action on May 15, 2024, bringing claims for breach of contract, unjust enrichment, and account stated. Id., ¶¶ 5, 19, 23. Plaintiff served defendant on May 16,

---

[1] The facts are drawn from the uncontested allegations contained in plaintiff's complaint and are taken as true for the purposes of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F. 3d 105, 108 (2d Cir. 1997) (deeming well-pleaded allegations in complaint admitted on motion for a default judgment).
[2] According to the policy, plaintiff is a painting contractor. ECF No. 10-8, at 4. Plaintiff's complaint and motion for default judgment lists defendant's principal place of business as 189-02A 35th Avenue, Apartment 1R, Flushing, New York 11358. ECF No. 1. Plaintiff's insurance policy lists defendant's address as 167-10 Crocheron Avenue, Apartment 1R, Flushing, NY 11358. This discrepancy is not explained in plaintiff's papers, however it does not change the outcome of the instant motion.
[3] The total payable at the inception of the policy was $29,920.00. ECF No. 10-8, at 2.

2024. ECF No. 6. Defendant failed to respond to the complaint and the Clerk of Court noted defendant's default on June 11, 2024. ECF No. 9. Plaintiff now moves for a default judgment on its breach of contract and account stated claims,[4] seeking a judgment against defendant for $163,103.61, plus interest, fees, and costs. ECF Nos. 10-1. The Honorable Natasha C. Merle referred this motion to me for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b).

## DISCUSSION

### I. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

---

[4] Although plaintiff's complaint also contained an unjust enrichment claim, plaintiff only "moves for a default judgment on its first and third counts (Breach of Contract and Account Stated)." ECF No. 10-12, at 6.

3

In other words, "[a]fter default . . . it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation and citation omitted).

Here, plaintiff satisfied the two-step process to obtain a default judgment against defendant. Plaintiff served defendant on May 16, 2024 through the New York Secretary of State. ECF No. 6; N.Y. Bus. Corp. L. § 306(b)(1)(i). Plaintiff subsequently requested and the Clerk of Court noted entry of defendant's default. Plaintiff now moves for a default judgment.[5] Plaintiff has also complied with Local Civil Rule 55.2 by filing proof of service of the motion on defendant. ECF No. 11.

## II.    Choice of Law

In the absence of a choice of law provision in the policy, plaintiff requests the Court to apply New York law. ECF No. 10-12, at 5–6. As jurisdiction is based on diversity of the parties, the choice of law rules of the forum state apply. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941); GlobalNet Financial.com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 382 (2d Cir. 2006). New York choice of law analysis employs a "center of gravity" approach for contract disputes, which, for an insurance contract, is "generally the state where the insured risk is located." Liberty Mut. Ins. Co. v. Fairbanks Co., 170 F. Supp. 3d 634, 642 (S.D.N.Y. 2016). As the policy lacks a choice of law provision, and the insured risk was in New York, New York law applies. ECF No. 1, ¶ 1; ECF No. 10-8.

---

[5] In support of their motion for a default judgment, plaintiff files the following documents: Declaration of Vitaly Vilenchik, Complaint, Certificate of Service, Clerk's Certificate of Default, Invoice for Service of Process, Proposed Order of Default Judgment, Declaration of Sal Pellitteri, the Policy, Audit Report for the Policy, Audit Endorsement Reflecting the Additional Premium Owed, and a Memorandum of Law. These documents comply with Local Civil Rule 7.1. The Court can rely on the declaration in support by Sal Pellittieri, Assistant Vice President of Arch Insurance Group Inc. ECF No. 11-7; see, e.g., Arch Specialty Ins. Co. v. Canbert Inc., No. 19-CV-05920(EK)(PK), 2021 WL 1200329, at *1 (E.D.N.Y. Mar. 9, 2021), report and recommendation adopted, No. 19-CV-5920(EK)(PK), 2021 WL 1193004 (E.D.N.Y. Mar. 30, 2021) (relying on Pellittieri's declaration in the Court's Report and Recommendation on plaintiff's motion for a default judgment).

4

### III. Liability

#### A. Breach of Contract

An insurance policy is "interpreted according to the rules of contract interpretation." SCW West LLC v. Westport Ins. Corp., 856 F. Supp. 2d 514, 524 (E.D.N.Y. 2012) (quoting Frazer Exton Dev., L.P. v. Kemper Env., Ltd., 153 Fed. Appx. 31, 32 (2d Cir. 2005)). Under New York law, to recover for a breach of contract, a plaintiff must establish "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." Diesel Props. S.R.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 53 (2d Cir. 2011).

The complaint and the instant motion establish defendant's liability for breach of contract. Plaintiff asserts that defendant breached the insurance policy by failing to tender the additional premium owed after the audit. ECF No. 1, ¶¶ 5–18. The parties entered into a contract that included a potential differential between the initial premium and the actual exposure during the effective dates of coverage. Id. at 10; ECF No. 10-8. Plaintiff performed under the contract by providing coverage to defendant under the policy and defendant breached the contract by failing to remit the additional premium. ECF No. 1, ¶¶ 5–18. As a result, plaintiff suffered damages in the amount of the additional premium. Id.[6] Accordingly, the Court should grant plaintiff's motion for a default judgment on its claim for breach of contract.

#### B. Account Stated

Plaintiff's account stated claim is duplicative of its breach of contract claim. Claims are duplicative "if they arise from the same facts . . . and do not allege distinct damages." NetJets

---

[6] Emails demonstrate defendant was advised how he could dispute the audit and additional premium. ECF Nos. 10-9, 10-11

5

Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (quotations and citation omitted); see also Arch Specialty Ins. Co. v. TDL Restoration, Inc., No. 18-CV-6712, 2021 WL 1225447, at *10 (S.D.N.Y. Mar. 31, 2021) (an account stated claim that expressly incorporates allegations in a breach of contract claim further indicates duplicative claims); cf. New Am. Mktg. FSI LLC v. MGA Ent., Inc., 187 F. Supp. 3d 476, 482 (S.D.N.Y. 2016) (finding an account stated claim did not duplicate breach of contract claim where relief sought was distinct).

Here, plaintiff's breach of contract and account stated claims arise from defendant's failure to pay the additional premium on the insurance policy, where plaintiff realleges and incorporates by reference the same facts in support of its claims. ECF No. 1, ¶¶ 19, 23. All claims seek identical relief: $163,103.61 in damages, plus interest, attorney's fees and costs. As plaintiff's account stated claim is duplicative of its breach of contract claim, the Court need not address it. See, e.g., Fed. Corp. v. Future Tire Co., Ltd., No. 19-CV-6357, 2021 WL 2550472, at *5 (E.D.N.Y. June 22, 2021) ("The Court need not address Plaintiff's breach of contract claim because it is duplicative to the account stated cause of action."). It is respectfully recommended that the Court should deny plaintiff's motion for a default judgment with respect to its account stated claim and dismiss the claim as duplicative of plaintiff's breach of contract claim. See Peabody v. Weider Publications, Inc., 260 F. App'x 380, 383–84 (2d Cir. 2008) (affirming dismissal of good faith and fair dealing claim as duplicative of breach of contract claim where the complaint alleged the same facts for both claims); Nedspice US Inc. v. Castella Imports, Inc., No. 20-CV-1802, 2020 WL 6785335, at *4 (E.D.N.Y. Oct. 22, 2020), report and recommendation adopted, 2020 WL 6784178 (E.D.N.Y. Nov. 18, 2020) (recommending denial of account stated claim as duplicative of breach of contract claim where both claims were premised on defendant's failure to pay an amount due pursuant to invoices).

## IV. Damages, Interests, and Costs

### A. Damages

It is well established that a default constitutes an admission of the well-pleaded factual allegations in the complaint, but is not an admission of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). A plaintiff has the burden to prove the amount of damages with "reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). An evidentiary hearing is not required; the Court may rely on detailed affidavits and other documentary evidence to determine damages. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) (explaining that a Court is not obligated to hold an evidentiary hearing where the default judgment motion provides a basis for the damages sought). Under New York law, it is well-settled that "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 185 (2d Cir. 2007) (citation omitted).

No hearing is needed here as the calculation of damages for plaintiff's claim is relatively simple; had defendant not breached the policy, plaintiff would have received payment of the additional premium. In support of its request for damages, plaintiff attaches the insurance policy, the audit report, the audit endorsement reflecting the additional premium owed, and a declaration of the Assistant Vice President of Arch Insurance Group Inc. affirming those amounts. ECF Nos. 10-6—10-10. Plaintiff seeks $163,103.61 in total: $157,178.00 for the additional premium, and $5,925.61 for the New York State Taxes and Fees. ECF No. 1, 10-12, at 13.

7

Plaintiff's proffer regarding the additional premium for $157,178.00 is sufficient. See ECF Nos. 10-7, at 3; ECF No. 10-10, at 2. However, plaintiff fails to provide sufficient evidence to support its claim against defendant regarding the State Taxes and Fees. See Arch Specialty Ins. Co. v. Lyter Grp., Inc., No. CV 23-8146 (NJC) (ARL), 2024 WL 4654102, at *3 (E.D.N.Y. Oct. 15, 2024), report and recommendation adopted, No. 2:23-CV-8146 (NJC) (ARL), 2024 WL 4654219 (E.D.N.Y. Nov. 1, 2024) (awarding damages for the additional premium but not the state taxes and fees where plaintiff failed to provide adequate support, where there was nothing in the policy or additional evidence to support that defendant was obligated to pay the New York State Taxes and Fees) (collecting cases).

While plaintiff includes taxes and fees in their memorandum of law in support of its motion for default judgment, there are no charges for taxes and fees in their audit endorsement nor in any other supporting document tendered to defendant. See ECF No. 10-11. The policy does not itself state that defendant is responsible for state taxes and fees. See ECF No. 10-8. Accordingly, the Court recommends that plaintiff should be awarded $157,178.00 in damages: the sum of the additional premium. Plaintiff's request for state taxes and fees should be denied.

### B. Pre- and Post-Judgment Interest

Plaintiff also seeks pre-judgment interest on the amount owed under the policy. "Under New York law, '[a] plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right.'" Mktg. Devs., Ltd. v. Genesis Import & Export, Inc., No. 08-CV-3168, 2009 WL 4929419, at *10 (E.D.N.Y. Sep. 30, 2009) (citation omitted). The rate of pre-judgment interest under New York law is nine percent per annum. See C.P.L.R. § 5004. Pre-judgment interest must generally be computed "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b); see also Arch Specialty Ins. Co. v. Kajavi Corp., No.

18-CV-4043, 2019 WL 3719461, at *7 (E.D.N.Y. July 11, 2019) <u>report and recommendation adopted</u>, 2019 WL 3717441 (E.D.N.Y., Aug. 7, 2019) (applying pre-judgment interest from the date of the breach).

Plaintiff seeks pre-judgment interest fees from the date that defendant failed to remit payment: May 25, 2022.[7] ECF No. 10-1, ¶ 17. Applying a nine percent per annum interest rate, the daily interest rate for the damages is $38.76. There are nine hundred and seventy-nine days between May 25, 2022 and January 28, 2025. Therefore, it is recommended that plaintiff should be awarded interest of $37,946.04 in pre-judgment interest through January 28, 2025 and an additional $38.76 per day until the date of the Court's final judgment.

Plaintiff also requests post-judgment interest. Pursuant to 28 U.S.C. § 1961(a), litigants are entitled to post-judgment interest on damage awards issued by a district court. <u>Schipani v. McLeod</u>, 541 F.3d 158, 165 (2d Cir. 2008). Post-judgment interest is established by federal statute and its accrual is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Plaintiff is entitled to post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, calculated from the date the district court enters judgment. <u>See</u> <u>Cappiello v. ICD Publ'ns, Inc.</u>, 720 F.3d 109, 112 (2d Cir. 2013) ("[U]nder § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions."). Thus, under 28 U.S.C. § 1961(a), plaintiff is entitled to post-judgment interest from the date judgment is entered until it is paid.

---

[7] Plaintiff seeks pre- and post-judgment interest on the related taxes and fees. As the Court recommends denying plaintiff's request for taxes and fees, that is excluded from the Court's calculation.

### C. Costs

Plaintiff seeks $583.42 in costs,[8] for service of process and the Court's filing fee. ECF No. 10-1. Pursuant to the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party" unless the Federal Rules or a court order provide otherwise. Fed. R. Civ. P. 54(d)(1). Plaintiff files proof of its costs for service of process and the Court takes notice of the Court's filing fee to commence this action.[9] Therefore, plaintiff should be awarded $583.42 in costs.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant plaintiff's motion for a default judgment with respect to its claim for breach of contract and should deny the motion as to plaintiff's claims for account stated and unjust enrichment. The Court should award plaintiff $157,178.00 in damages, $37,946.04 in pre-judgment interest through January 28, 2025 plus $38.76 per day from January 29, 2025 through the date of judgment, $583.42 in costs, and post-judgment interest in an amount to be calculated by the Clerk of Court. Plaintiff's request for $5,925.61 for New York State taxes and fees should be denied. Plaintiff shall serve this Report and Recommendation on defendant at its last known address and file proof of service on the docket.

---

[8] Counsel's memorandum in support states that plaintiff's costs were "this Court's filing fee of $400, and the costs paid for service of process, which is $183.42." ECF No. 10-1, ¶ 16. Plaintiff's Exhibit D confirms a $183.42 charge from Demovsky Lawyer Service for service of process.

[9] As the filing fee is reflected on the docket, plaintiff need not submit a receipt. Docket Text, ECF No. 1; Philpot v. Music Times LLC, No. 16-CV-1277 (DLC) (DF), 2017 WL 9538900, at *11 (S.D.N.Y. Mar. 29, 2017), report and recommendation adopted, No. 16-CV-1277 (DLC), 2017 WL 1906902 (S.D.N.Y. May 9, 2017).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                            /S/
                                                  LOIS BLOOM
                                                  United States Magistrate Judge

Dated: January 28, 2025
       Brooklyn, New York